NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
MICHAEL A. WILKERSON,       :     Civ. No. 19-16215 (RMB)
                            :
          Petitioner        :
     v.                     :     **OPINION**
                            :
DAVID ORTIZ,                :
                            :
          Respondent        :
_____ :

Bumb, United States District Judge

    Petitioner Michael A. Wilkerson ("Wilkerson") is a prisoner confined in the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey. (Pet., Dkt. No. 1.) On August 1, 2019, he filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asserting that the Bureau of Prisons miscalculated his sentence. (Pet., Dkt. No. 1.) Respondent filed an answer opposing relief. (Answer, Dkt. No. 5.) Petitioner filed a reply brief. (Dkt. No. 6.) For the reasons set forth below, the Court will deny the petition.

I.    BACKGROUND

    A.    The Sentences

    Petitioner seeks credit against his federal sentence for time in custody between November 1, 2011 and November 14, 2013. (Pet., Ground One, Dkt. No. 1.) Petitioner has four sentences relevant to

his overall federal sentence calculation, three Pennsylvania state sentences and his federal sentence in the Eastern District of Pennsylvania. The first state sentence was imposed in Berks County, Pennsylvania, Case No. CP-06-CR-0004355-2001. (Declaration of Robin Teters,[1] ¶ 3 ("Teters Decl."), Dkt No. 5-1; Attach. 1, Dkt. No. 5-1 at 9.) On September 17, 2002, Petitioner was sentenced to a 30-months to 14-year term of imprisonment for forgery and theft. (Id.) He was released on parole on September 26, 2005. (Id. ¶ 3; Attachment 2, Dkt. No. 5-1 at 24.) He served 3 years and 9 days on the Berks County sentence from September 17, 2002 through September 26, 2005.

Petitioner's second state sentence was imposed in Montgomery County, Pennsylvania, Case No. CP-46-CR-0006001-2010. (Id., ¶ 4; Attach. 3, Dkt. No. 5-1 at 27-29.) Petitioner was arrested on August 13, 2010 and sentenced on October 21, 2011 to a term of 1 ½ to 7-years imprisonment for "bad checks." (Id.) This sentence was imposed before Petitioner was transferred to federal custody pursuant to a writ ad prosequendum on November 1, 2011. (Teters Decl., ¶ 6; Attach. 7, Dkt. No. 5-1 at 89.)

Wilkerson's third relevant state court sentence was imposed in Philadelphia County, Pennsylvania, Case Nos. CP-51-CR-0013985-

---

[1] Robin Teters is a Management Analyst at the Designation and Sentence Computation Center for the Bureau of Prisons. (Teters Decl., ¶ 1, Dkt. No. 5-1.)

2010 and CP-51-CR-0013989-2010). (Teters Decl., ¶ 5; Attach. 4, Dkt. No. 5-1 at 49.) On September 2, 2010, while in Montgomery County custody, Wilkerson was charged with several offenses under two separate dockets. (Id. ¶ 5; Attach. 4 and 5, Dkt. No. 5-1 at 48-85.) In Case No. CP-51-CR-0013989-2010, he was convicted of terroristic threats at trial in Philadelphia County. (Id., Attach. 5, Dkt. No. 5-1 at 72.) On February 14, 2013, he was sentenced to a minimum term of imprisonment of 11 ½ months and a maximum of 23 months. (Id.) This sentence was imposed prior to imposition of Wilkerson's federal sentence.

For his federal offenses, on September 28, 2011, Wilkerson was charged in the Eastern District of Pennsylvania with bank fraud, loan application fraud, and aiding and abetting, for offenses committed on August 30, 2008. United States v. Wilkerson et al., No. 2:11-cr-596 (E.D. Pa. Sept. 29, 2011);[2] (see also Teters Decl., Attach. 10 (listing offense date), Dkt. No. 5-1 at 103.) The U.S. District Court issued a temporary writ to the Warden of Montgomery County Correctional Facility and the U.S. Marshals for Wilkerson to appear in federal court for his arraignment on November 2, 2011. (Id., Attach. 6, Dkt. No. 5-1 at 87.) After he was found guilty, on October 29, 2013, Wilkerson was sentenced in the Eastern District of Pennsylvania to a 170-month term of

---

[2] Available at www.pacer.gov.

imprisonment for bank fraud and aiding and abetting in violation of 18 U.S.C. § 1344 and 2 and loan application fraud and aiding and abetting in violation of 18 U.S.C. § 1014. (Teters Decl., ¶ 8, Dkt. No. 5-1; Attach. 8, Dkt. No. 5-1 at 94.) The Judgment directed that all counts of Wilkerson's federal sentence would run concurrently; it is silent on any state sentence. (Id.)

Wilkerson remained in federal custody from November 1, 2011 until November 14, 2013, when he was returned to Montgomery County. (Id., ¶ 9; Attach 7, Dkt. No. 5-1 at 90.) On October 15, 2015, the Pennsylvania Department of Corrections released Wilkerson on parole and he was returned to federal custody, where he remains at present. (Id., ¶ 10; Attach. 7, Dkt. No. 5-1 at 91; Attach. 9; Dkt No. 5-1 at 100.)

B.   The Sentence Calculation by the BOP

The BOP commenced Wilkerson's federal sentence on October 15, 2015, the date he returned to federal custody to begin serving his sentence. (Teters Decl. ¶ 11; Attach. 10, Dkt. No. 5-1 at 103.) The BOP found him ineligible for prior custody credit because all time spent in custody prior to the commencement date of his federal sentence was credited toward his Pennsylvania state sentences. (Id., ¶ 11.) Specifically, Pennsylvania credited the time spent in state custody from October 21, 2011 through November 4, 2011 (commitment credit) against Wilkerson's Berks County sentence. (Teter Decl., ¶ 11; Attach. 2, Dkt. No. 5-1 at 24.) Most

importantly, Pennsylvania credited the remaining time Wilkerson spent in federal custody, November 5, 2011 to December 11, 2013, against his Montgomery County sentence. (Teter Decl., ¶ 11; Attach. 2, Dkt. No. 5-1 at 25 (miscellaneous notes) and Attach. 11, Dkt. No. 5-1 at 106 (commitment credit.)) Finally, Pennsylvania credited the time Wilkerson spent in Pennsylvania state custody, December 12, 2013 through October 14, 2015, toward his Montgomery County sentence. (Id., Attach. 9, Dkt. No. 5-1 at 100 (date of release); Attach. 11; Dkt. No. 5-1 at 106-7 (reception date, expiration dates for minimum and maximum.) Wilkerson began serving his federal sentence on October 15, 2015. (Id., ¶11; Attach. 10, Dkt. No. 5-1 at 102.)

    B.   <u>The Petition</u>

Wilkerson seeks credit for time spent in federal custody from November 1, 2011 through November 14, 2013, the date he was transferred back to the Pennsylvania Department of Corrections. (Pet., Ground One, Dkt. No. 1.) In a declaration in support of his Petition, Wilkerson states:

> Upon my return, the Pennsylvania Department of Parole recalculated my term to remove all time served in federal custody and cause me to have to serve those two years before I could be released from the Pennsylvania Department of Corrections.
>
> The time I spent in the Federal Detention Center was not credited toward the state sentence.

5

> Indeed, I inquired with Case Manager Mathes at FCI Fort Dix, whom in front of me contacted the Pennsylvania Department of Parole and was told that the time spent at the Federal Detention Center was not credited toward the state sentence.

(Declaration of Michael A. Wilkerson, ¶¶7, 12, 18; Dkt. No. 1-1; Central Office Remedy Appeal, Dkt. No. 1-4 at 19.)

    C.    <u>The Answer</u>

Respondent argues that the BOP correctly calculated Wilkerson's sentence pursuant to 18 U.S.C. § 3585(a), commencing the sentence on October 15, 2015, the date Wilkerson was paroled from the Pennsylvania Department of Corrections into the exclusive custody of the Bureau of Prisons. (Answer, Dkt. No. 5 at 13.) Further, Respondent maintains that the BOP accurately determined that Wilkerson was ineligible for prior custody credit for the time he spent in federal custody on a writ ad prosequendum, pursuant to § 3585(b). (<u>Id.</u>) Custody credit for November 4, 2011 to December 11, 2013 was credited toward Wilkerson's Montgomery County sentence. (<u>Id.</u> at 13-14.)

Respondent addressed Wilkerson's argument, contained in the administrative remedy request that he submitted to the BOP, where he alleged that Pennsylvania had added the time that he spent in federal custody to lengthen his state sentence. (Answer, citing

6

Ex. 2 to Declaration of Corrie Dobovich, Dkt. No. 5-2 at 9).[3] Respondent explained that time was not added to Wilkerson's Montgomery County sentence; he was given commitment credit for the time spent on the writ ad prosequendum, and his sentencing date of October 21, 2011 and controlling maximum date of December 20, 2018 properly reflected his maximum seven year sentence.[4] (Id. at 14.)

    D.   Petitioner's Reply Brief

In his reply brief, Wilkerson agrees that his maximum expiration date was not increased on his Montgomery County sentence based on the time he spent in federal custody on a writ of habeas corpus ad prosequendum. (Reply, Dkt. No. 6 at 1.) He alleges the Pennsylvania Parole Board extended the maximum date for the *Berks County sentence* from September 16, 2016 to November 8, 2024, adding two years to his maximum sentence because he was serving the Berks County sentence when taken into custody by the United States. (Id.) Wilkerson submits that Respondent does not understand the Pennsylvania parole system and the Court should obtain an expert from the Pennsylvania Department of Corrections and/or

---

[3] Corrie Dobovich is a Legal Assistant with the Federal Bureau of Prisons, who has access to BOP files maintained in the ordinary course of business on inmates incarcerated within the Federal Bureau of Prisons. (Declaration of Corrie Dobovich, ¶1; Dkt. No. 5-2.)

[4] Prior custody credit for October 21, 2011 through November 4, 2011 (commitment credit) was credited against Wilkerson's Berks County sentence. (Teters Decl., ¶ 11; Attach. 2, Dkt. No. 5-1 at 24.)

Pennsylvania Parole Board to explain the situation. (Reply, Dkt. No. 6 at 2.)

II.  DISCUSSION

    A.  Standard of Law

Jurisdiction exists under 28 U.S.C. § 2241 for a federal prisoner to challenge the BOP's calculation of his sentence. Eiland v. Warden Fort Dix FCI, 634 F. App'x 87, 89 (3d Cir. 2015) (per curiam). Respondent acknowledges that Petitioner exhausted his administrative remedies. (Answer, Dkt. No. 5 at 9.)

The BOP has exclusive authority to calculate federal sentences. United States v. Wilson, 503 U.S. 329, 334-35 (1992). "Where a defendant faces prosecution by both state and federal authorities, the 'primary custody' doctrine determines where and how the defendant will serve any resulting sentence of incarceration." Taccetta v. Fed. Bureau of Prisons, 606 F. App'x 661, 663 (3d Cir. 2015). "[T]he first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign. Taccetta, 606 F. App'x at 663 (citing Bowman v. Wilson, 672 F.2d 1145, 1153 (3d Cir. 1982)). When a state prisoner is "transferred to federal custody under a writ ad prosequendum to answer federal charges" he "is considered 'on loan' to federal authorities and remains in primary custody of the state 'unless and until the first sovereign relinquishes jurisdiction.'" Davis v. Sniezek, 403 F. App'x 738,

8

740 (3d Cir. 2010) (quoting Ruggiano v. Reish, 307 F.3d 121, 125 n. 1 (3d Cir.2002), superseded in part on other grounds by U.S.S.G. § 5G1.3 App. Note 3(E) (2003)); Taccetta v. Fed. Bureau of Prisons, 606 F. App'x 661, 663 (3d Cir. 2015) (same). "'Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: (1) release on bail; (2) dismissal of charges; (3) parole; or (4) expiration of sentence.'" Davis, 403 F. App'x at 740 (quoting United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005)).

Calculation of federal sentences is governed by 18 U.S.C. § 3585. A sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrived voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." § 3585(a). Prior custody credit is governed by § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Section 3585(b) prohibits double crediting against a state and federal sentence. Blood v. Bledsoe, 648 F.3d 203, 209 (3d Cir.

9

2011).

    B.   <u>Analysis</u>

The records establish that the time Petitioner spent in federal custody pursuant to a writ ad prosequendum, between November 1, 2011 and December 11, 2013, was credited against Petitioner's state sentences; to wit, November 1 through November 4, 2011 (commitment credit) was credited against Wilkerson's Berks County sentence (Teter Decl., ¶ 11; Attach. 2, Dkt. No. 5-1 at 24); and November 5, 2011 to December 11, 2013 was credited against his Montgomery County sentence. (<u>Id.</u>, Attach. 11, Dkt. No. 5-1 at 106 (commitment credit)).

In Petitioner's reply brief, he asserts that the Pennsylvania Parole Board extended the maximum date for the Berks County sentence from September 16, 2016 to November 8, 2024, because he was serving the Berks County sentence when he was taken into custody by the United States on a writ of habeas corpus ad prosequendum. (<u>Id.</u>) The records do not support this assertion.

Wilkerson was sentenced in Berks County, Pennsylvania on September 17, 2002 and released on parole on September 26, 2005. (Teters Decl., Attach. 2, Dkt. No. 5-1 at 24-25.) Because his original maximum sentence was fourteen years, his maximum release date before parole was September 17, 2016. (<u>Id.</u>) After Petitioner violated parole, his maximum sentence was recalculated to reflect

10

the amount of time remaining to be served on his maximum sentence of fourteen years. (Teters Decl., Attach. 2, Dkt. No. 5-1 at 24-25.) The time between his original maximum sentence date of September 17, 2016 and his parole date of September 26, 2005 was deducted from his 14-year maximum sentence, leaving 4009 days or 10 years, 11 months and 22 days remaining to be served. (Id.) Then, backtime credit of 25 days[5] was deducted from the 4009 days remaining on his maximum sentence, resulting in 3984 days of backtime owed by Wilkerson. (Id.) He was returned to custody to serve his Berks County sentence on December 12, 2013, and the 3984 days of backtime he owed on his original maximum sentence was added to this date to get the maximum date of November 8, 2024. No additional time was added for the time he spent on the writ ad prosequendum to obtain his recomputed maximum date.

Wilkerson was released on parole from his Montgomery County sentence on October 15, 2015 but he remains subject to reparole until November 8, 2024 on his Berks County sentence. (Teters Decl., ¶ 10; Attach. 9, Dkt. No. 5-1 at 100.) The records indicate Wilkerson's maximum release date of November 8, 2024, on his Berks County sentence, reflects the amount of time remaining to be served

---

[5] Pennsylvania credited the time spent in state custody from August 2, 2010 through August 13, 2011 (backtime credit), and then from October 21, 2011 through November 4, 2011 (commitment credit) against Wilkerson's Berks County sentence. (Teters Decl., ¶ 11; Attach. 2, Dkt. No. 5-1 at 24.)

on his maximum 14-year sentence after he violated parole. Wilkerson's contention that the New Jersey Parole Board lengthened his Berks County maximum sentence to account for time he spent in federal custody pursuant to a writ ad prosequendum is unavailing.

IV. CONCLUSION

For the reasons set forth above, the Court will deny the petition for writ of habeas corpus under 28 U.S.C. § 2241.

An appropriate Order follows.

Dated: **September 29, 2020**

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **UNITED STATES DISTRICT JUDGE**